UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | | |
|---|---|---|
| SCOTT R. MCKAY | : | CIVIL ACTION NO. _____ |
| VERSUS | : | JUDGE _____ |
| BW OFFSHORE USA MANAGEMENT, INC., BW PIONEER, BOA MARINE SERVICES, INC., BOA ROVER, DANOS AND CUROLE MARINE CONTRACTORS, L.L.C., and THE GRAY INSURANCE COMPANY | : | MAGISTRATE JUDGE _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DAMAGES

TO THE ABOVE DESIGNATED COURT:

The Complaint of SCOTT R. MCKAY, hereinafter referred to as "Complainant", a person of the full age of majority and domiciled in Starks, Calcasieu Parish, Louisiana, with respect represents:

1.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. Sec. 1333, admiralty jurisdiction, as this is a claim arising under general maritime law and pursuant to the Jones Act (46 USCA 30104, 30105, et seq.) and involves injuries to a seaman aboard a vessel on navigable water.

2.

This is a Complaint for Damages in admiralty and under general maritime law, a claim within the meaning of Rule 9(h) and for the purpose of Rules 14(c), 38(e), and 82 of the Federal Rules of Civil Procedure and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

Actions.

3.

This Court has proper venue in this district as the accident occurred in the Gulf of Mexico, approximately thirty-five miles south of Fourchon, in Lafourche Parish, Louisiana.

4.

The following parties are cited herein as the defendants:

(a)     BW OFFSHORE USA MANAGEMENT, INC., a foreign corporation, domiciled in Houston, Texas, authorized to do and doing business in the State of Louisiana, which may be served through its registered agent, C T Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, LA 70808;

(b)     BW PIONEER, a refining ship, owned, operated, controlled, contracted or owned pro hac vice by BW OFFSHORE USA MANAGEMENT, INC.;

(c)     BOA MARINE SERVICES, INC., a foreign corporation, domiciled in Houston, Texas, doing business in the State of Louisiana, which may be served through its registered agent, Per Bergstol, City Center One, 800 W. Sam Houston Parkway N, Second Floor, Houston, TX 77024;

(d)     The BOA Rover, a multifunctional subsea and platform supply vessel, owned, operated, controlled, contracted or owned pro hac vice by BOA MARINE SERVICES, INC.;

(e)     DANOS AND CUROLE MARINE CONTRACTORS, L.L.C., a limited liability company, domiciled in Louisiana, authorized to do and doing business in the State of Louisiana, which may be served through its registered agent, Janell Ledet, 13083

2

Highway 308, Larose, LA 70373; and

(f)     THE GRAY INSURANCE COMPANY, a Louisiana insurance company, domiciled in Louisiana, whose mailing address is P. O. Box 6202, Metairie, LA 70009-6202, authorized to do and doing business in the State of Louisiana, which may be served through Timothy Brennan, 2612 Severn Avenue, Metairie, LA 70002.

5.

Said defendants are jointly, severally, and solidarily liable herein for damages resulting from an incident which occurred on or about September 14, 2010, aboard the BOA Rover, multifunctional subsea and platform supply vessel, owned by BOA MARINE SERVICES, INC., which resulted in the injury of Complainant, SCOTT R. MCKAY.

6.

At all times pertinent hereto, Complainant, SCOTT R. MCKAY, was employed by DANOS AND CUROLE MARINE CONTRACTORS, L.L.C., and was assigned as a seaman on board the BOA Rover, a multifunctional subsea and platform supply vessel, to wit: a quarters barge, which at the time of this accident, was anchored adjacent to the BW Pioneer refining ship, located in the Gulf of Mexico, approximately thirty-five miles south of Fourchon, in Lafourche Parish, Louisiana, and which refining ship was owned by BW OFFSHORE USA MANAGEMENT, INC., and operated by its employees, agents, and/or other persons acting in the interest of BW OFFSHORE USA MANAGEMENT, INC.

7.

On or about September 14, 2010, SCOTT R. MCKAY was exiting his bunk on the BOA Rover, which was owned by BOA MARINE SERVICES, INC., where he was quartered at the

3

direction of DANOS AND CUROLE MARINE CONTRACTORS, L.L.C., and/or its employees and/or agents, while employed by DANOS AND CUROLE MARINE CONTRACTORS, L.L.C., for the purpose of providing services aboard the BOA Rover and BW Pioneer.  Mr. Scott McKay was sleeping in the top bunk of a double bunk bed which had no ladders to accommodate egress therefrom.  Upon exiting the bunk, he was required to use a nearby sofa for support, which tipped, causing him to fall and strike a nearby table with his lower back.

8.

These claims are asserted by Complainant that Complainant, SCOTT R. MCKAY, was a seaman under the Jones Act USCA Title 46, Sec. 30104, 30105, et seq., and the General Maritime Law.

9.

The injuries of Complainant, SCOTT R. MCKAY, and the pain and suffering attributable thereto were directly caused by the failure of the defendants to furnish a seaworthy vessel and appliances, failure to provide proper means by which Complainant could perform the job he was assigned, and failure to provide protective appliances to perform the work exposing Complainant to great dangers, and the vessel or vessels were otherwise unseaworthy.

10.

By reason of the unseaworthiness of the Defendants' vessel, SCOTT R. MCKAY suffered severe injuries and pain, as further explained in paragraph 18 hereof.

11.

By reason of the unseaworthiness of the Defendants' vessel, there is a breach of contract and breach of warranty of seaworthiness, and this cause of action is maintained under the General

4

Maritime Law.

12.

By reason of the aforesaid breach of contract and breach of warranty that caused the injury to Complainant, SCOTT R. MCKAY, Complainant has been damaged and is entitled to recover such an amount as will fully, fairly, and completely compensate him for those damages.

13.

As a result of Defendants' wanton, wilful, capricious, and arbitrary failure to correct the unseaworthy condition which led to SCOTT R. MCKAY'S injuries, Defendants are liable unto Complainant, SCOTT R. MCKAY, for attorney's fees, statutory penalties and damages, including punitive damages.

14.

Complainant, SCOTT R. MCKAY, specifically alleges that BOA MARINE SERVICES, INC., was at fault and/or negligent in their capacity as the owner of the BOA Rover, by failing to make the BOA Rover safe for quartering operations before allowing the Complainant to be quartered, without inspecting the vessel or taking any other precautionary measures to prevent the accident which ultimately occurred. Further, DANOS AND CUROLE MARINE CONTRACTORS, L.L.C., and BOA MARINE SERVICES, INC., failed to warn SCOTT R. MCKAY of unsafe conditions on the BOA ROVER, of which they were or should have been aware, including, but not limited to the lack of adequate means of egress from the top bunk.

15.

Said accident was caused without any contributing fault or neglect on behalf of the Complainant, SCOTT R. MCKAY, but resulted from the negligence and/or fault of DANOS AND

5

CUROLE MARINE CONTRACTORS, L.L.C., of the master and crew of the  vessels, BOA ROVER and BW PIONEER, the fault an/or negligence of BOA MARINE SERVICES, INC., in their capacity as the owner of the BOA ROVER, the fault and/or negligence of company representatives of BW OFFSHORE USA MANAGEMENT, INC., in their capacity as the owner of the BW PIONEER, thereby making defendants herein responsible for damages sustained by the Complainant. The accident and resulting damages were caused by the negligence and/or fault of the defendants in the following non-exclusive particulars, including but not limited to:

a)      Failure by defendants, their employees, agents and/or other persons to maintain reasonable and proper control of the special purpose vessel;

b)      Failure to provide a safe means of ingress/egress for beds;

c)      Failure to provide a reasonably safe and adequate place to live, sleep, and work;

d)      Failure by defendants' employees agents and/or other persons to see what they should have seen or do what they should have done in order to avoid the accident;

e)      Failure to furnish adequate and competent personnel to accomplish the task assigned;

f)      Failure to comply and follow applicable laws, regulations, and rules, including but not limited to, Coast Guard Regulations and OSHA or other state and federal standards; and

g)      Failing in general to exercise reasonable care under the circumstances.

16.

At the time of the accident and injuries complained of, Defendants had a duty to furnish SCOTT R. MCKAY with ample, proper and safe living quarters, appliances, safeguards, tool and working conditions, and to keep same in a proper state of repair and safe condition, to furnish SCOTT R. MCKAY with a sufficient number of co-employees, to promulgate and enforce proper rules for the safe conduct of SCOTT R. MCKAY and others working on board and about the vessel,

and for the proper operation thereof, and to properly instruct SCOTT R. MCKAY and others as to the performance of their duties and to warn SCOTT R. MCKAY and others of the dangers arising and to be encountered thereon, as well as protect SCOTT R. MCKAY from said dangers and to furnish SCOTT R. MCKAY with prompt and adequate medical care upon his becoming injured.

17.

At the time of this accident, SCOTT R. MCKAY suffered extreme physical injury and pain and is entitled to bring and assert this action for such damages as are reasonable and proper under the law and evidence.

18.

By reason of the unseaworthiness of defendants' vessel, complainant, as a result of this accident, suffered a painful back injury and left SI radiculopathy, and a rather large left paracentral-posterolateral disc herniation which extended into the spinal canal at the L5-S1 level, flattened the left S1 nerve root, and distorted the left side of the thecal sac.

Treatment with medication and physical therapy was unsuccessful. On 10/28/10, Mr. McKay had left L5-S1 micro diskectomy surgery for repair of the herniated disc. A subsequent wound infection required hospitalization for treatment and the placement of a KCI wound-vac system and months of antibiotics and home health nurses for follow-up care and wound-vac dressing. Mr. McKay continues to suffer and remains under treatment for his injuries.

19.

Complainant, SCOTT R. MCKAY, itemizes the damages for which he is entitled to recover as a result of the injuries sustained, as follows:

a)    Medical expenses, past and future;

7

b)      Loss of wages,  past and future, and loss of earning capacity;

c)      Pain and suffering; past, present, and future;

d)      Loss of enjoyment of life; and

e)      Other damages as may be proven at trial.

20.

On information and belief, THE GRAY INSURANCE COMPANY provided insurance coverage for DANOS & CUROLE MARINE CONTRACTORS, INC., which policy of insurance was in full force and effect at the time of the accident made the basis of this lawsuit and provided coverage applicable thereto.

21.

By reason of the aforesaid negligence and fault of the defendants, Complainant has been damaged and is entitled to recover such an amount as will fully, fairly, and completely compensate him for those damages.

22.

Complainant desires and is entitled to have the attached Interrogatories and Requests-Motions for Production be made a part hereof, filed of record and served upon defendants simultaneously with the Complaint for Damages, with each defendant ordered to produce the information and documents within the time delays provided by law.

23.

Complainant wishes to classify and pursue this claim under Rule 9(h) of the Federal Rules of Civil Procedure which does not allow for a jury trial under general maritime law claims.

**WHEREFORE,** premises considered, Complainant prays for service and citation upon the

defendants in accordance with law, and after all necessary delays, that there be judgment herein in favor of Complainant, SCOTT R. MCKAY, and against defendants, BW OFFSHORE USA MANAGEMENT, INC., BW PIONEER, BOA MARINE SERVICES, INC., BOA ROVER, DANOS AND CUROLE MARINE CONTRACTORS, L.L.C., and THE GRAY INSURANCE COMPANY, jointly, severally, and solidarily, for such sums that will fully, fairly, and completely compensate him for damages and for attorney's fees, statutory penalties and damages, including punitive damages.

BY HIS ATTORNEY,


 s/JAMES F. DeROSIER_____
JAMES F. DeROSIER, La. Bar Roll No. 27342
DeRosier Law Firm, L.L.C.
125 W. School Street
Lake Charles, LA 70605
(337)474-0820 Phone
(337)478-6624 Facsimile
jimmyjfd@aol.com e-mail
Attorney for Scott R. McKay


SERVICE INSTRUCTIONS:

A Notice of a Lawsuit and Request To Waive Service of a Summons and a Waiver of the Service of Summons is being forwarded to all defendants.

9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | | |
|---|---|---|
| SCOTT R. MCKAY | : | CIVIL ACTION NO. _____ |
| VERSUS | : | JUDGE _____ |
| BW OFFSHORE USA MANAGEMENT, INC., BW PIONEER, BOA MARINE SERVICES, INC., BOA ROVER, DANOS AND CUROLE MARINE CONTRACTORS, L.L.C., and THE GRAY INSURANCE COMPANY | : | MAGISTRATE JUDGE _____ |

**************************************************************************

### __INTERROGATORIES__

Now comes Complainant, SCOTT R. MCKAY, through undersigned counsel, who propounds to defendants, BW OFFSHORE USA MANAGEMENT, INC., BW PIONEER, BOA MARINE SERVICES, INC., BOA ROVER, DANOS AND CUROLE MARINE CONTRACTORS, L.L.C., and THE GRAY INSURANCE COMPANY, the following interrogatories to be answered fully, individually, in writing, and under oath, under the provisions of the Louisiana Code of Civil Procedure, within 30 days after service hereof; and in default of the full, complete and timely answer thereto, Complainant demands that you pay all reasonable attorney's fees, costs, and expenses of compelling answer to the same.

These interrogatories cover all information available to the answering parties and to each and every agent, employee, and attorney of such party, whether by personal knowledge, hearsay, books, records, reports, and all other sources, and these interrogatories are continuing and the answers shall be supplemented or amended if further information becomes known to the answering party prior to trial of this case.

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | | |
|---|---|---|
| SCOTT R. MCKAY | : | CIVIL ACTION NO. _____ |
| VERSUS | : | JUDGE _____ |
| BW OFFSHORE USA MANAGEMENT, INC., BW PIONEER, BOA MARINE SERVICES, INC., BOA ROVER, DANOS AND CUROLE MARINE CONTRACTORS, L.L.C., and THE GRAY INSURANCE COMPANY | : | MAGISTRATE JUDGE _____ |

*******************************************************************************

## INTERROGATORIES

### INTERROGATORY NUMBER 1:

What is the name, address, telephone number and employer of the person or persons supplying the information used to answer these interrogatories and requests for production?

### INTERROGATORY NUMBER 2:

Please state the name, address, and telephone number of any other person, firm, corporation or entity which caused and/or contributed to this incident who may be a potential defendant, including subcontractors, boat companies, service companies, oilfield suppliers, and all other persons or entities supplying goods or services to DANOS AND CUROLE MARINE CONTRACTORS, L.L.C., relating to the work being done on the BW Pioneer at the time of this incident.

### INTERROGATORY NUMBER 3:

If any documents or physical items were reviewed or consulted in preparing the answers to these interrogatories, identify each such document or physical item and state the name, address, telephone number and employer of the person or persons having custody of any such document or item.

**INTERROGATORY NUMBER 4:**

Please state exactly what SCOTT R. MCKAY was doing at the time of this injury, and what safety rule(s) he violated while performing the task, if any.

**INTERROGATORY NUMBER 5:**

What is the name, address, telephone number and job classification of anyone who has made any investigation into or report on the facts and circumstances surrounding this accident, and what is the name, address, job classification, and telephone number of the person who currently has custody of any such investigational report?

**INTERROGATORY NUMBER 6:**

Identify any photographs or other items of physical evidence, including but not limited to documents, which are in any way relevant to this accident, and state the name, address, telephone number, job classification and employer of the person or persons currently having custody each item identified.

**INTERROGATORY NUMBER 7:**

Do you or anyone representing you or acting for you, including attorneys, have possession, control or own any sketches, maps, and/or diagrams, of any character whatsoever, either prepared by you or anyone acting for you, or by anyone else, of any tangible thing which constitutes or contains evidence material to any matter involved in this suit?  If such sketches, maps and/or diagrams do exist, please state where, when, and by whom they were prepared and where they are located now.

**INTERROGATORY NUMBER 8:**

Identify each and every person interviewed or contacted by you, your agent, employee, or your insurer who might be considered an expert having any knowledge or information concerning any relevant facts involved in this litigation, including information relative to each such expert's name, address, telephone number and area of expertise, and state whether or not that expert is expected to be a witness in this matter.

**INTERROGATORY NUMBER 9:**

In response to the preceding interrogatory, as to each such expert, please state:

a)      The subject matter of his expertise;

12

b)      His qualifications as an expert in that field;
c)      If he has ever been involved in any other comparable accident to the one involved;
d)      The subject matter of his testimony;
e)      The substance of the facts on which he will rely in his opinions;
f)      The summary of the grounds for his opinion; and
g)      Whether he will be used at the trial of this matter on your behalf.

**INTERROGATORY NUMBER 10:**

Please state any fringe benefits enjoyed by SCOTT R. MCKAY at the time of his injury, including the value of the vested interest of all pension plans and monthly contributions or non-contributions by the employee; the value of any hospitalization plans, the monthly payments into such plans and whether such payments were contributory on non-contributory by the employee; the value of any room and board enjoyed by SCOTT R. MCKAY while working.

**INTERROGATORY NUMBER 11:**

Please state the value of any savings plan instituted by said employer, the amount of monthly contribution to said plan, whether such plan was contributory or non-contributory to the employer, and the portions of employer contribution to said plan in relation to the employee's contribution.

**INTERROGATORY NUMBER 12:**

Please state SCOTT R. MCKAY'S exact job classification at the time of his injury, listing all of the specific duties required of his job classification.

**INTERROGATORY NUMBER 13:**

Please state exactly what training SCOTT R. MCKAY received relative to any job classification he may have held with you while in your employment.

**INTERROGATORY NUMBER 14:**

If any activities check or surveillance was done of SCOTT R. MCKAY, please give the date, time and place of such, whether photographs or films were made of the activities, and the name and address and employer of the person who conducted the activities check or surveillance.

**INTERROGATORY NUMBER 15:**

Please give the entire provisions of every safety rule or ordinance which was in effect at the time of this accident that may bear on the facts and circumstances surrounding the accident; in lieu

13

thereof, please attach copies, and please state exactly how the breach of any of these specific safety rules played any part in the facts and circumstances surrounding the accident.

## INTERROGATORY NUMBER 16:

Please describe, as completely as possible, how the accident happened.  Please start your description with SCOTT R. MCKAY'S coming on duty in the area of the BOA Rover-BW Pioneer and describe the sequence of events, through the time of the accident.  Include a description of any actions taken by any party and identify each such party.

## INTERROGATORY NUMBER 17:

Did anyone ever prepare, submit, or make any written statement or report of the accident?

## INTERROGATORY NUMBER 18:

Please list the names, addresses and telephone numbers of all persons having any knowledge or information concerning any relevant facts involved in this litigation.

## INTERROGATORY NUMBER 19:

Please list the names, addresses and telephone numbers of all persons from whom statements have been taken by you or anyone whose interests were, or are, the same as your interests insofar as this litigation is concerned, and with whom interviews have been conducted (whether or not a statement was taken) by you or anyone whose interests were, or are, the same as your interests insofar as this litigation is concerned.

## INTERROGATORY NUMBER 20:

As to any statements taken, please give the date, time and place of each statement, whether it was oral or reduced to writing and the name of the person whose statement was taken, as well as the name and address of the employer of the person who took the statement.

## INTERROGATORY NUMBER 21:

Please list the names, addresses and telephone numbers of all persons regularly aboard the BOA Rover during the time when the accident occurred.

**INTERROGATORY NUMBER 22:**

If the answer to Request for Admission No. 1 is denied, please provide all the facts, data, arguments and information available to defendants which tends to prove that SCOTT R. MCKAY was not a longshoreman pursuant to the Longshore & Harbor Workers Compensation Act.

**INTERROGATORY NUMBER 23:**

Please identify and provide the name and address of the employer(s) of the captain and crew of the BOA Rover on September 14, 2010.

BY HIS ATTORNEY,


 s/JAMES F. DeROSIER
JAMES F. DeROSIER, La. Bar Roll No. 27342
DeRosier Law Firm, L.L.C.
125 W. School Street
Lake Charles, LA 70605
(337)474-0820 Phone
(337)478-6624 Facsimile
jimmyjfd@aol.com e-mail
Attorney for Scott R. McKay


**INTERROGATORIES ARE BEING FORWARDED TO DEFENDANTS ALONG WITH THE COMPLAINT FOR DAMAGES.**

15

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| SCOTT R. MCKAY | : | CIVIL ACTION NO. _____ | |
| VERSUS | : | JUDGE _____ | |
| BW OFFSHORE USA MANAGEMENT, INC., BW PIONEER, BOA MARINE SERVICES, INC., BOA ROVER, DANOS AND CUROLE MARINE CONTRACTORS, L.L.C., and THE GRAY INSURANCE COMPANY | : | MAGISTRATE JUDGE _____ | |

*******************************************************************************

### COMPLAINANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS AND REQUEST FOR ADMISSIONS

Now comes Complainant, SCOTT R. MCKAY, through undersigned counsel, who hereby requests that BW OFFSHORE USA MANAGEMENT, INC., BW PIONEER, BOA MARINE SERVICES, INC., BOA ROVER, DANOS AND CUROLE MARINE CONTRACTORS, L.L.C., and THE GRAY INSURANCE COMPANY, produce for inspection and copying, pursuant to the Louisiana Code of Civil Procedure, the following items, to wit:

### REQUEST NUMBER 1:

Please produce copies of the entire personnel file of the Complainant, SCOTT R. MCKAY, including his employment application, copy of his pre-employment physical or a report, drug screens, copies of his earnings records, fringe benefits, hospitalization insurance, and copies of each and every paper or document in SCOTT R. MCKAY'S personnel file.

16

**REQUEST NUMBER 2:**

Please provide a copy of any and all accident reports, accident studies, or accident investigations made or prepared in connection with SCOTT R. MCKAY'S accident, including copies of all correspondence regarding or relative to said accident report investigation.

**REQUEST NUMBER 3:**

Please produce copies of all safety manuals and booklets utilized by your company in teaching safety to its employees.

**REQUEST NUMBER 4:**

Please provide the Complainant with a certified copy of any and all insurance policies which may provide coverage under the circumstances of this accident, including additional layers of liability coverage, excess policies, proof of self insurance, or any other type of policy which may provide coverage to BW OFFSHORE USA MANAGEMENT, INC., BW PIONEER, BOA MARINE SERVICES, INC., BOA ROVER, DANOS AND CUROLE MARINE CONTRACTORS, L.L.C., and THE GRAY INSURANCE COMPANY, under the circumstances of this accident.

**REQUEST NUMBER 5:**

Please produce copies of all safety records, including records of every safety meeting held or conducted and in which SCOTT R. MCKAY was a party for a period of six (6) months prior to the date of SCOTT R. MCKAY'S accident on September 14, 2010.

**REQUEST NUMBER 6:**

Please produce copies of any and all statements taken in connection with SCOTT R. MCKAY'S accident, including any statements taken from Complainant and any statements taken from witnesses or other persons who may have knowledge of any pertinent facts involved in this litigation.

**REQUEST NUMBER 7:**

Please provide copies of any photographs, photographic images by camera, video or by any other means, videos, maps, sketches, diagrams, or drawings which constitute or contain information material to any matter involved in this suit.

**REQUEST NUMBER 8:**

Please produce a copy of the work crew list for the day of the accident with the last known address, telephone number, date of birth, and social security number for each crew member.

**REQUEST NUMBER 9:**

Please produce a copy of the reports of any experts received in this matter.

**REQUEST NUMBER 10:**

Attach a copy of any investigator's reports that were rendered, to include photographic images by camera, video or by any other means, of any person, place or thing connected with the accident on September 14, 2010.

**REQUEST NUMBER 11:**

Please produce any and all medical records of SCOTT R. MCKAY in your possession.

**REQUEST NUMBER 12:**

Please produce copies of reports from the Marine Index Bureau or any other agency supplying you with information and data concerning SCOTT R. MCKAY'S prior history, or an authorization addressed to SCOTT R. MCKAY and his representatives permitting the release of said data and information from such agency.

**REQUEST NUMBER 13:**

Please produce copies of any and all reports, notes, memoranda, correspondence, and related data made or kept by you, your agents, or employees, for and/or on behalf of any said defendant, and in its regular course of business, currently in existence or in the custody, possession and control, pertaining to SCOTT R. MCKAY'S injuries and claims against defendants herein.

**REQUEST NUMBER 14:**

Please produce copies of all radiograms, cables and advisories transmitted or received in connection with SCOTT R. MCKAY'S injuries.

**REQUEST NUMBER 15:**

Please produce copies of any and all insurance policies which do, or arguably may, provide

coverage for the incident in question, including any insurance policies in which you are named as an additional insured.

**REQUEST NUMBER 16:**

Please produce a copy of any and all contracts existing between Danos and Curole Marine Contractors, L.L.C., and BOA Group/BOA Marine regarding the use by Danos and Curole Marine Contractors, L.L.C., of the vessel BOA Rover.

**REQUEST NUMBER 16:**

Please produce a copy of any and all contracts existing between BOA Group/BOA Marine and Blue Marine Technology Group regarding the BOA Rover.

**REQUEST NUMBER 17:**

Please produce any document, report, deed, bill of sale, or other evidence of ownership identifying any company, person, corporation or any other entity having any ownership interest in BOA Rover on September 14, 2010.

**REQUEST NUMBER 18:**

Please produce any and all documentation, contracts, bills of sale, purchase agreements, relating to the sale of the BOA Rover by BOA Group to Topaz Energy and Marine Ltd., or any other entity.

BY HIS ATTORNEY,

 s/JAMES F. DeROSIER

JAMES F. DeROSIER, La. Bar Roll No. 27342
DeRosier Law Firm, L.L.C.
125 W. School Street
Lake Charles, LA 70605
(337)474-0820 Phone
(337)478-6624 Facsimile
jimmyjfd@aol.com e-mail
Attorney for Scott R. McKay

**REQUESTS ARE BEING FORWARDED TO DEFENDANTS ALONG WITH THE COMPLAINT FOR DAMAGES.**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

SCOTT R. MCKAY                          :        CIVIL ACTION NO. _____

VERSUS                                  :        JUDGE _____

BW OFFSHORE USA MANAGEMENT,
INC., BW PIONEER, BOA MARINE
SERVICES, INC., BOA ROVER, DANOS
AND CUROLE MARINE
CONTRACTORS, L.L.C., and
THE GRAY INSURANCE COMPANY      :        MAGISTRATE JUDGE _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NOTICE OF REQUEST FOR ADMISSIONS OF FACT

TO:    BW OFFSHORE USA MANAGEMENT, INC., BW PIONEER, BOA MARINE
       SERVICES, INC., BOA ROVER, DANOS AND CUROLE MARINE CONTRACTORS,
       L.L.C., and THE GRAY INSURANCE COMPANY

       YOU ARE HEREBY NOTIFIED that the attached Request for Admissions of Fact is served

upon you in accordance with the Louisiana Code of Civil Procedure Articles 1466 through 1468.

The requested admissions, if any, shall be for the purposes of the above entitled and numbered cause

only.  Any fact concerning which an admission is requested that is not denied by service of the denial

upon the Complainant within fifteen (15) days of the service hereof shall be deemed admitted.

       Lake Charles, Calcasieu Parish, Louisiana, this _____ day of _____, 2012.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

SCOTT R. MCKAY                         :        CIVIL ACTION NO. _____

VERSUS                                 :        JUDGE _____

BW OFFSHORE USA MANAGEMENT,
INC., BW PIONEER, BOA MARINE
SERVICES, INC., BOA ROVER, DANOS
AND CUROLE MARINE
CONTRACTORS, L.L.C., and
THE GRAY INSURANCE COMPANY     :        MAGISTRATE JUDGE _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## REQUEST FOR ADMISSIONS

### REQUEST FOR ADMISSIONS NUMBER 1:

Please admit that SCOTT R. MCKAY was a Jones Act seaman at the time of the occurrence of the accident which is the subject of this litigation.

### REQUEST FOR ADMISSIONS NUMBER 2:

Please admit that SCOTT R. MCKAY was a Longshoreman pursuant to the Longshore and Harbor Workers Compensation Act at the time of the occurrence of the accident which is the subject of this litigation.

### REQUEST FOR ADMISSIONS NUMBER 3:

Please admit that the BOA Rover, on September 14, 2010, was owned by BOA MARINE SERVICES, INC., at the time of this accident.

### REQUEST FOR ADMISSIONS NUMBER 4:

Please admit that DANOS AND CUROLE MARINE CONTRACTORS, L.L.C., had full operational control of the BOA Rover on September 14, 2010.

These above requests cover all information available to the answering parties and to each and every agent, employee, and attorney of such party, whether by personal knowledge, hearsay, books, records, reports, and all other sources, and these requests are continuing and the responses shall be supplemented or amended if further information becomes known to the responding party prior to trial of this case.

Where "you" or "your" is used in these requests, the reference is to each individual defendant.  Where the term "accident" or "incident" is used, the reference is to that incident referred to in Complainant's Complaint filed in this matter.

BY HIS ATTORNEY,


 s/JAMES F. DeROSIER_____
JAMES F. DeROSIER, La. Bar Roll No. 27342
DeRosier Law Firm, L.L.C.
125 W. School Street
Lake Charles, LA 70605
(337)474-0820 Phone
(337)478-6624 Facsimile
jimmyjfd@aol.com e-mail
Attorney for Scott R. McKay


**REQUESTS ARE BEING FORWARDED TO DEFENDANTS ALONG WITH THE COMPLAINT FOR DAMAGES.**